## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MONTELL GRIFFIN, JACQUELINE MEYERS, HERNAN MOSQUERA, DARRELL BOLTON and ANTOINETTE BERTUCCI, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No: |
| v. | ) ) | |
| COOK COOK COUNTY, COOK COUNTY SHERIFF'S MERIT BOARD, SHERIFF THOMAS DART, BYRON BRAZIER, JAMES NALLY, BRIAN RIORDAN, JENNIFER BAE, JOHN DALICANDRO, VINCE WINTERS, PATRICK BRADY, GRAY MATEO HARRIS and KIM WIDUP, | ) ) ) ) ) ) ) ) ) ) | JURY DEMAND |
| Defendants. | | |

**COMPLAINT AND REQUEST FOR EQUITABLE RELIEF**

Plaintiffs hereby file this complaint and request for equitable relief against Defendants, and states as follows:

**Preliminary Statement**

1. Plaintiffs are tenured public employees with vested property and liberty rights in their continued employment.

2. Defendants sabotaged Plaintiffs constitutional rights for personal and political advantage.

3. The Fourteenth Amendment to the United States Constitution requires that any state deprivation of property or liberty be attended by due process of law.

4. Defendant Dart, with the advice and consent of the Cook County Board, is required by state law to appoint an independent merit board to set employment policies for correctional and other sworn officers.

5. Defects in the Sheriff's appointments to the board dating to 2012 compromised its independence and denied Plaintiffs due process.

6. Since at least August 2014, Defendants have known that defects compromised their legal authority deprive Plaintiffs of property and liberty rights.

7. Between August 2014 and December 2017, Defendants did nothing to remediate the post-deprivation process.

8. Defendants deprived Plaintiffs of their property and liberty rights without access to a meaningful post-deprivation hearing.

9. Defendants deprived Plaintiffs of their right to an administrative decision qualified for judicial review.

10. Defendants deprived Plaintiffs of due process of law.

11. The board members are dependent on the Sheriff's reappointment for pension credits, salaries and health benefits.

12. Members who defy the Sheriff have not been re-appointed to the merit board.

13. Defendants have compromised previous proceedings convened under state law.

14. Defendants' newly constituted board is comprised of substantially the same appointments as the panel unlawfully convened in prior proceedings against Plaintiffs.

15. Plaintiffs' damages exceed the board's remedial authority.

16. Prior post-deprivation proceedings are void.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1343 because the matters in controversy arise under the Constitution of the United States. This civil action seeks declaratory and injunctive relief under 28 U.S.C § 2201 and 2202 and damages from constitutional torts under 42 U.S.C § 1983.

18. Additionally, the Court has the authority to provide the requested equitable relief pursuant to Federal Rules of Civil Procedure 57 and 65.

19. The Court has the authority to provide attorneys' fees and costs pursuant to 42 U.S.C §1988.

20. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois.

## PARTIES

21. Plaintiff Montell Griffin is a United States citizen of a majority age residing in Cook County, Illinois. He has been unlawfully suspended without pay from his employment as a correctional officer.

22. Plaintiff Jacqueline Meyers is a United States citizen of a majority age residing in Cook County, Illinois. She has been unlawfully suspended without pay from his employment as a correctional officer.

23. Plaintiff Hernan Mosquera is a United States citizen of a majority age residing in Cook County, Illinois. He has been unlawfully suspended without pay from his employment as a correctional officer.

24. Plaintiff Darrell Bolton is a United States citizen of a majority age residing in Cook County, Illinois. He has been unlawfully suspended without pay from his employment as a correctional officer.

25. Plaintiff Antoinette Bertucci is a United States citizen of a majority age residing in Cook County, Illinois. She has been unlawfully suspended without pay from his employment as a correctional officer.

26. Defendant Cook County is a unit of local government and is sued for indemnification purposes.

27. Defendant Cook County Sheriff's Merit Board ("Merit Board" or "Board") is an agency of the Sheriff's office and legal entity under 55 ILCS 5/3-7002 *et seq*. It sets employment policies for non-exempt employees. It is authorized to impose discipline in excess of 30 days and operates to provide employees post-deprivation hearings. Defects in appointments to the Board rendered actions dating to 2012 void.

28. Thomas Dart ("Dart" or "Sheriff")is the elected Sheriff of Cook County. He is sued in his individual for constitutional torts and official capacity for equitable relief. His authority to discipline employees is limited to 30 days.

*Merit Board Defendants*

29. Defendant Byron Brazier is a member of the Cook County Sheriff's Merit Board. He is sued in his individual capacity for intentional constitutional torts and in his official capacity for equitable relief. On information and belief Mr. Brazier is a full-time minister and has no legal training.

30. Defendant James Nally is a member and chairman of the Cook County Sheriff's Merit Board. He is sued in his individual capacity for intentional constitutional torts and in his official capacity for equitable relief. He is a full-time practicing attorney and is paid $31,680.00 per year as the Board's Chairman.

31. Defendant Brian Riordan was a member of the Cook County Sheriff's Merit Board. He is sued for inflicting constitutional torts.

32. Defendant Jennifer Bae is a prior member of the Cook County Sheriff's Merit Board. Records are unclear as to the propriety of her current appointment. Bae is an attorney and, on information and belief, works full-time as a Legislative Aide for the City of Chicago's Committee on Finance. She is sued in her individual capacity for intentional constitutional torts and in her official capacity for equitable relief.

33. Defendant John Dalicandro is a member of the Cook County Sheriff's Merit Board. He was previously a village manager of Elmwood Park, Illinois. He is sued in his individual capacity for constitutional torts and in his official capacity for equitable relief.

34. Defendant Vince Winters is a member of the Cook County Sheriff's Merit Board. He is sued in his official capacity for equitable relief.

35. Defendant Patrick Brady is a member of the Cook County Sheriff's Merit Board. He is a licensed attorney residing in Dupage County, Illinois. He is sued in his individual capacity for constitutional torts and his official capacity for equitable relief.

36. Defendant Kim Widup is member of the Cook County Sheriff's Merit Board. He is sued in his individual capacity for intentional torts and in his official capacity for equitable relief.

37. Defendant Gray Mateo Harris was a defectively-appointed member of the Merit Board in 2017. Harris is a licensed attorney in Chicago and is sued in any official capacity for equitable relief and individual capacity for constitutional torts.

### General Allegations

38. Plaintiffs are correctional officers previously assigned to Cook County Jail.

39. Defendant Dart alleged that Plaintiffs violated various rules and regulations of the Sheriff's Department.

40. Between 2013 and 2016, Defendant Dart suspended Plaintiffs without pay and referred them to the Merit Board for termination.

41. Defendants subjected Plaintiffs to sham post-deprivation proceedings.

*Merit Board Litigation*

42. At all times relevant, Defendants failed to provide Plaintiffs access to a timely and meaningful post-deprivation hearing.

43. 55 ILCS 5/3-7002 *et seq.* prohibits Defendant Sheriff from imposing discipline in excess of 30 day suspensions.

6

44. It further requires Defendant Dart to ensure the Merit Board's independence through the appointment of bipartisan members to staggered terms.

45. Forced resignations of independent Board members compromised its independence.

46. On August 19, 2014, in *Percy Taylor v. Dart et al.* ("*Taylor*" or "*Taylor litigation*"), the Circuit Court of Cook County ruled that defects in the Sheriff's appointments rendered Board actions void.

47. Despite the circuit court's ruling and affirmations on appeal in *Taylor*, from August 2014 through December 2017, Defendant Dart took no action to remediate the Board to ensure employees timely access to a meaningful post-deprivation hearing.

48. Defendant Board Members deprived Plaintiffs of their property and liberty rights under the color of law.

49. Despite the *Taylor* ruling, Defendants made no attempt to restore the property and liberty rights unlawfully deprived from Plaintiffs.

50. In September 2017, the Illinois Supreme Court denied Defendant Sheriff's motion to reconsider the appellate court order ruling *void ab initio* Board actions dating to 2012.

51. Despite statutory restrictions on the Sheriff's authority to discipline, Defendant Sheriff and Board have amended internal policies providing the Sheriff with the authority to suspend employees indefinitely without timely access to a post-deprivation hearing.

52. Specifically, the amended *Rules and Regulations* provide:

7

> "The Sheriff or designated representative, without filing charges with the Board, may take *reasonable* disciplinary measures for infractions of the Rules and Regulations **in addition to** or in place of, suspension." (Emphasis added)

[Cook County Sheriff's Merit Board, *Rules and Regulations*, Article VIII, § 2]

53. The above provision allows for the Sheriff to exercise discretion in in merit employee discipline.

54. Defendants knowingly convened sham post-deprivation proceedings.

55. Defendants unlawfully suspended Plaintiffs without pay indefinitely.

56. Defendants conspired to publish defamatory statements about Plaintiffs on a website hosted by Defendant Sheriff Dart.

*Deprivation of State Remedy - Status quo*

57. Plaintiffs' damages exceed the Merit Board's remedial authority.

58. Defendants have disqualified Plaintiff's from access to an administrative forum competent to provide meaningful due process.

59. Additionally, the reconstituted panel contains several members from the previous defectively-appointed Board.

60. Merit Board members are part-time employees.

61. The current backlog of employees entitled to post-deprivation proceedings exceeds 250.

62. Even assuming a qualified decision can be rendered timely, exhaustion of the administrative review process will take years.

63. Defendant Dart has previously appealed Board decisions reinstating employees.

8

64. Despite the Board's purported independence, employees reinstated by the Board remained in no-pay status pending Dart appeals.

65. Defendants have perfected the unlawful deprivation of Plaintiffs' constitutional rights.

66. Post-deprivation proceedings before substantially the same tribunal are meaningless.

### Count I - 42 U.S.C. §1983
### Due Process - Property

67. Plaintiffs incorporate all paragraphs as fully restated herein.

68. Defendants acted under the color of law at all relevant times.

69. As tenured public employees, Plaintiffs have vested property interests and present entitlements in their employment.

70. Under the Fourteenth Amendment to the United States Constitution, Plaintiffs cannot be deprived of these interests without due process of law, including notice of the charges against them, notice of the evidence upon which the charges will be based, and a chance to present witnesses and confront adverse evidence at a fair hearing before an impartial tribunal.

71. Due to the defective appointments to the Merit Board dating back to at least 2012, Plaintiffs have been denied an opportunity to present witnesses or confront adverse evidence at a fair hearing before an impartial tribunal. The only state remedy available to Plaintiffs is a common law *writ of certiorari*. That is inadequate because Plaintiffs were denied a post-deprivation hearing.

72. Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup deprived Plaintiffs of their property rights without due process through at least the following actions:

   a. Suspending Plaintiffs without pay;
   b. Denying Plaintiffs of an opportunity to be heard prior to depriving Plaintiffs of their property;
   c. Denying Plaintiffs an opportunity to confront witnesses or evidence against them;
   d. Denying Plaintiffs access to an independent tribunal;
   e. Denying Plaintiffs a decision qualified for judicial review;
   f. Concealing from Plaintiffs the defective nature of the Merit Board;
   g. Subjecting Plaintiffs to sham hearings;
   h. Publishing disciplinary decisions rendered in fraudulent proceedings on the Sheriff's website;
   i. Resolving to conduct sham hearings despite notice that they lacked legal authority to do so;
   j. Failing to restore Plaintiffs to paid status pending the appointment of a legally potent Board;

73. Defendants' failure to provide an independent tribunal has deprived Plaintiffs of a chance to present witnesses and evidence at a hearing to refute charges against them and denied them decisions qualified for judicial review.

74. Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup actions were arbitrary, capricious and unreasonable under the circumstances.

75. Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup's placement of Plaintiffs in unpaid status knowing that the Merit Board was legally impotent since 2012 was malicious, unreasonable and motivated solely by personal interest and political agenda.

76. Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup acted maliciously and unreasonably by subjecting Plaintiffs to sham hearings and purported to maintain an authority to lawfully deprive them of their rights.

77. Defendants Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup presided over sham proceedings at which Plaintiffs hired private counsel at great expense.

78. Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup are not entitled to qualified immunity as they acted to deny Plaintiffs of their constitutional rights while knowing such rights were owed to Plaintiffs under clearly established law. Specifically, Defendants knew that they lacked the authority to deprive Plaintiffs of their property and liberty rights under the color of law.

## COUNT II
## DUE PROCESS VIOLATION
### (Liberty Interest)

79. Plaintiffs incorporate all paragraphs as fully restated herein.

80. Under the Fourteenth Amendment to the United States Constitution, Plaintiffs have a liberty interest in employment in their chosen profession and the state cannot deprive them of that interest without due process.

81. Defendants have deprived Plaintiffs of their occupational liberty interest without due process.

82. Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup have made and published slanderous and stigmatizing statements about Plaintiffs professional, ethical and moral conduct.

83. Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup have made these statements publicly and published the same on the internet and in their official capacity as Cook County Sheriff and members of the Cook County Sheriff's Merit Board. Defendants are not protected by privileges or immunities.[1]

84. Plaintiffs' liberty interests have been implicated as a result of Defendants statements as such statements were made both prior and contemporaneous to actions taken by the sham proceedings convened by the Board. Such actions were taken without affording Plaintiffs a meaningful opportunity to clear their names of Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup's stigmatizing statements.

85. Plaintiffs have suffered a loss of professional opportunities central to their profession as law enforcement officers as a result of statements made or endorsed by

---

[1] https://www.cookcountysheriff.org/pdf/meritBoard/Decisions/050815_MB1757_AntoinetteBertucci_v2_030817.pdf
https://www.cookcountysheriff.org/pdf/meritBoard/Decisions/101216_MB1876_DarrellGBolton_121216.pdf

12

Defendants Dart, Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup stigmatizing statements and the Board's resulting actions against Plaintiffs. Plaintiffs have been denied employment opportunities.

86. Defendant Dart's agents continue to publicly defame Plaintiffs as malingerers, criminals and malcontents in major local and national press.

87. The actions taken by Defendants against Plaintiffs have been widely published that it is virtually certain that Plaintiffs will be unable to find employment.

88. Plaintiffs are entitled to damages to compensate them for the actual and threatened injuries that have resulted or will result from the Defendants' actions described above.

89. Plaintiffs are also entitled to punitive damages from the individual Defendants for their malicious and unreasonable conduct.

## Count III
### Declaratory Judgment and Preliminary and Permanent Injunctions
### (28 U.S.C. §§ 2201 and 2202; Fed. R. Civ. P. 57 and 65)

90. Plaintiffs incorporate all previous paragraphs as if fully restated herein.

91. This action presents and actual case or controversy between Plaintiffs and Defendants concerning rights under the Constitution and federal law.

92. Declaratory relief is necessary and appropriate.

93. Injunctive relief is necessary and appropriate because Defendants actions are unconstitutional, violate federal law and have caused and continue to cause Plaintiffs irreparable harm.

94. Defendant Dart has publicly stated his intent to oppose the restoration of Plaintiffs property and liberty interests.

95. Defendant Merit Board Members are sufficiently dependent on Defendant Dart.

96. Immediate injunctive relief is also appropriate and fundamentally important in this case. Absent immediate preliminary relief to enjoin the Board, Defendants intend to convene meaningless hearings for which they lack the ability to return Plaintiffs to their rightful positions.

97. Any new Merit Board hearing is meaningless and inadequate and in no way qualified to provide the due process relief guaranteed under the Fourteenth Amendment.

## 42 USC § 1988 - Attorneys Fees

As a direct and proximate result of Defendants actions or omissions, Plaintiffs have been compelled to retain the services of counsel and forced to incur costs and fees, including attorneys fees which Defendants should be required to pay under 42 U.S.C § 1988.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered in their favor and against Defendants and that Plaintiffs be granted:

(a) a preliminary and permanent injunction prohibiting Defendants from (i) initiating further discipline or post-deprivation proceedings related to complaints filed previously with the defective Merit Board; (ii) posting, publishing or otherwise

disseminating defamatory statements about Plaintiffs; and (iii) engaging in any other activity in contravention of state, local or federal law.

(b) an Order requiring that Defendants immediately (i) remove or otherwise purge from publication the defamatory Merit Board rulings; (ii) reinstate Plaintiffs to a paid status; and (iii) reinstate Plaintiffs' healthcare benefits.

(c) backpay and full make-whole relief;

(d) compensatory and punitive damages;

(e) reasonable attorneys' fees and court costs;

(f) such other relief as the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY**

                                           Respectfully submitted,

                                           s/ Martin M. Stack
                                           One of Plaintiffs' attorneys

Martin M. Stack
188 W. Randolph
Chicago, Il 60601
312-550-6271
martinmstack@gmail.com

John T. Lanahan
188 W. Randolph
Chicago, Il 60601
312-404-2416
lanahan.john@gmail.com