UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTELL GRIFFIN, et. al, <br><br> Plaintiffs, <br><br> v. <br><br> COOK COUNTY, et. al, <br><br> Defendants. | Case No. 18-cv-03792 <br><br> Judge Martha M. Pacold |

**MEMORANDUM OPINION AND ORDER**

    Plaintiffs Montell Griffin, Jacqueline Meyers, Hernan Mosquera, Darrell Bolton, and Antoinette Bertucci sued Defendants Cook County, the Cook County Sheriff's Merit Board, Cook County Sheriff Thomas Dart, and current and former members of the Merit Board Byron Brazier, James Nally, Brian Riordan, Jennifer Bae, John Dalicandro, Vince Winters, Patrick Brady, Gray Mateo-Harris, and Kim Widup under 42 U.S.C. § 1983 for violations of their due process rights. Defendants Dart and Cook County move to dismiss the complaint pursuant to Rule 12(b)(6) [16]. The Merit Board and Defendants Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, and Widup move to join that motion and separately move to dismiss the complaint [18]. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). For the following reasons, the court grants the first motion to dismiss [16] and grants the motion to join. The second motion to dismiss is denied as moot. Plaintiffs' claims are dismissed with prejudice.

**Background**

    The court accepts as true the following well-pleaded allegations from the complaint. All possible inferences are drawn in Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court also relies on the public record. *See Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (noting the court "may also take judicial notice of matters of public record" in evaluating a Rule 12(b)(6) motion).

Defendant Thomas Dart is the Sheriff of Cook County. [1] ¶ 28.[1] The Cook County Sheriff's Merit Board (also a defendant) was created by the Illinois County Police Department Act ("Merit Board Act"), 55 ILCS 5/3-7001 *et seq*. [1] ¶ 27. The Sheriff, with the advice and consent of the County Board of Commissioners, appoints each Merit Board member to a six-year term. 55 ILCS 5/3-7002. Defendants Brazier, Nally, Riordan, Bae, Dalicandro, Winters, Brady, Harris, and Widup are current and former members of the Merit Board. [1] ¶¶ 29–37.

The Merit Board has the authority to discharge, demote, or suspend officers of the Sheriff's Department for violating the Department's rules, regulations, or code of conduct. 55 ILCS 5/3-7012. It has the exclusive authorization to terminate or discipline employees of the Sheriff's Department for more than 30 days. 55 ILCS 5/3-7011-12. Under 55 ILCS 5/3-7012, the Merit Board's decisions are subject to review in state court under the Illinois Administrative Review Law ("ARL").

Plaintiffs are correctional officers for the Cook County Sheriff's Department. [1] ¶¶ 21–25. Each Plaintiff had been assigned to the Cook County Jail. [1] ¶ 38. Dart "alleged that Plaintiffs violated various rules and regulations of the Sheriff's Department." [1] ¶ 39. Between 2013 and 2016, Dart suspended each Plaintiff without pay and referred each Plaintiff to the Merit Board for termination. [1] ¶ 40. Plaintiffs allege that they were then subjected to "sham" hearings before the Merit Board. [1] ¶¶ 41, 72.

In 2018, Plaintiffs brought this action under 42 U.S.C. § 1983, alleging violations of the Due Process Clause. [1]. In Count 1, Plaintiffs allege that their terminations were conducted without sufficient due process because the Board was unlawfully constituted and conducted "sham" hearings. [1] ¶¶ 67–78. Count 2 alleges that Defendants made slanderous and stigmatizing comments about Plaintiffs and thereby deprived them of their occupations, again alleging that the "sham" hearings were constitutionally inadequate. [1] ¶¶ 79–89. Count 3 seeks a declaratory judgment and injunctive relief. [1] ¶¶ 90–97.

The parties agree that at the time of filing, the Merit Board had issued rulings terminating Plaintiffs Bolton and Bertucci. *See* [1] ¶ 83 n.1, [16-1] at 4–5, [25] at 2. They now agree that in July 2019, the Merit Board issued rulings "formally terminating Myers, Mosquera and Griffin" as well. [48] at 2.[2]

---

[1] Bracketed numbers refer to docket entries, and are followed by the page and paragraph number, as appropriate. Page number citations refer to ECF page numbers.

[2] After the present motions were fully briefed, the parties filed supplemental briefs, in which they agree on certain factual developments. *See* [47], [48].

2

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering Defendants' motion to dismiss, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to Plaintiffs. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). On the other hand, "[t]he complaint must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts v. City of Chicago*, 817 F.3d 561, 565 (7th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

## Discussion

The Seventh Circuit has recently addressed the "litigation explosion that followed the Illinois Appellate Court's decision in *Taylor v. Dart*, 414 Ill. Dec. 735, 81 N.E.3d 1 (Ill. App. Ct. 2017)." *Vargas v. Cook Cty. Sheriff's Merit Bd.*, 952 F.3d 871, 873 (7th Cir. 2020); *see also Campos v. Cook Cty.*, 932 F.3d 972, 975 (7th Cir. 2019). In *Taylor*, the Illinois Appellate Court ruled that "the appointment of a Merit Board member for anything less than a full six-year term conflicted with the express terms of the Merit Board Act. Because the Board was unlawfully constituted when it fired Taylor, the court voided the discharge decision." *Vargas*, 952 F.3d at 873 (citations omitted). Subsequently, "current and former employees of the Sheriff's Office flooded the courts with suits to invalidate hundreds of decisions made when the Board was unlawfully constituted." *Id.* This is one of those suits.

In their motion to dismiss, Defendants Dart and Cook County assert several grounds for dismissal, including failure to state a claim. Considering the Seventh Circuit's decisions in *Vargas* and *Campos*, the court agrees with Defendants that Plaintiffs cannot state cognizable due process claims.[3]

The Fourteenth Amendment's Due Process Clause provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." Plaintiffs allege that Defendants deprived them of both property and liberty without due process. Plaintiffs argue that Defendants have violated both their procedural and substantive due process rights. [25] at 3. The complaint does not specify whether Plaintiffs assert substantive or procedural due process claims. However,

---

[3] Both of these opinions were issued after the parties finished briefing this motion. The parties discuss both cases in their supplemental briefs, [47], [48], which were filed after the Seventh Circuit's decision in *Campos*, but before *Vargas*.

3

plaintiffs in federal courts are not required to plead legal theories. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517–18 (7th Cir. 2015). As discussed below, Count 2 appears to assert an "occupational liberty" claim. That claim is necessarily a procedural due process claim. But Count 1 alleges deprivations of state-created property interests in employment, so the court analyzes whether these allegations could support either a substantive or procedural due process claim. For the following reasons, Count 1 does not state either type of claim.

### I. Substantive Due Process

The scope of substantive due process is "very limited," and it "protects against only the most egregious and outrageous government action." *Campos*, 932 F.3d at 975. Because "'[e]mployment related rights are not fundamental,' . . . a public employee alleging wrongful termination cannot state a substantive due process claim 'unless the employee also alleges the defendants violated some other constitutional right or that state remedies were inadequate.'" *Id.* at 975 (quoting *Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010)).

Plaintiffs argue that Dart's failure to "appoint a tribunal qualified to render the process due," the Merit Board's decision "to convene sham hearings," Plaintiffs' "unpaid and indefinite suspensions," and the Board's "remedial impotence" have deprived them of their property rights in violation of substantive due process. [25] at 3. Plaintiffs do not argue that Defendants violated any other constitutional right. Instead, they focus on the adequacy of state remedies, and argue that the entire Merit Board process is constitutionally deficient. But "state law remedies fail to satisfy due process only when they are 'meaningless or nonexistent.'" *Campos*, 932 F.3d at 977 (quoting *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 535 (7th Cir. 2008)). While Illinois state courts have identified problems in recent years with certain Merit Board decisions, this tends to show that state remedies *are* adequate. *Campos*, 932 F.3d at 976. Plaintiffs have not pointed to any aspect of their Merit Board proceedings that makes their case different.

Plaintiffs originally argued that Meyers, Mosquera, and Griffin had been "suspended without pay for nearly three years," that "their benefits ha[d] been terminated," and that they "ha[d] yet to receive a decision qualified for judicial review." [25] at 7. However, the parties agree that the Merit Board has now issued decisions on those cases and recommended termination for all three. *See* [47] at 2; [48] at 2. To the extent that Plaintiffs argue the length of their unpaid suspensions violated their substantive due process rights, the Seventh Circuit has rejected a materially identical argument. *See Campos*, 932 F.3d at 977 ("[T]he eight-year [Merit Board] process is certainly not so arbitrary or outrageous as to violate substantive due process.").

4

Plaintiffs also argue that the Merit Board has no remedial authority because it can only make recommendations to Sheriff Dart. According to Plaintiffs, the Merit Board is unable to provide due process since it cannot order backpay over Dart's objection. Even if this is correct, this aspect of the remedial scheme is wholly irrelevant to Plaintiffs' claims. The Merit Board has affirmed all the Plaintiffs' suspensions. It does not matter whether the Sheriff could refuse to implement the Board's recommendation of backpay—the Board made no such recommendation in Plaintiffs' decisions. Moreover, Dart has not refused to implement any of the Board's decisions about Plaintiffs. Nothing distinguishes these proceedings from *Campos*. Plaintiffs cannot state a substantive due process claim.

## II. Procedural Due Process

Nor can Plaintiffs state a procedural due process claim. A procedural due process violation occurs when (1) conduct by someone acting under the color of state law (2) deprives the plaintiff of a protected property interest (3) without due process of law. *Germano v. Winnebago County, Ill.*, 403 F. 3d 926, 927 (7th Cir. 2005). In Count 1, Plaintiffs allege that their unpaid suspensions and terminations deprived them of a state-created property interest in their employment as correctional officers. Defendants do not dispute this point, but instead argue that Plaintiffs have not alleged that they were denied due process. The court agrees with Defendants.

Plaintiffs argue that the Merit Board was improperly constituted under Illinois law, resulting in "sham hearings." [25] at 1–2. But "a state's failure to comply with its own law is not a federal due-process violation. . . . Indeed, a state may disregard its own law without depriving a person of due process of law." *Vargas*, 952 F.3d at 874–75 (citations omitted).[4] Even if the Merit Board was unlawfully constituted under Illinois law, that violation is "not actionable under § 1983 as a deprivation of due process." *Id.* at 875; *see also Oesterlin v. Cook Cty. Sheriff's Dep't*, 781 F. App'x 517, 522 (7th Cir. 2019) (noting plaintiffs pointed to "no federal standard governing the length of state administrators' terms").

To the extent that Plaintiffs rely on allegations about the tribunal lacking "independence," [1] at 10, in *Vargas* the Seventh Circuit also affirmed dismissal of a due process claim alleging that Dart "pressured Merit Board members to make

---

[4] Plaintiffs' allegations all revolve around problems with the allegedly "sham" *postdeprivation* proceedings. *See, e.g.*, [1] ¶¶ 41, 42, 54, 66, 71. The Due Process Clause also requires that individuals must be given "predeprivation notice and an opportunity to be heard." *Bradley v. Vill. of Univ. Park, Illinois*, 929 F.3d 875, 883 (7th Cir. 2019). Plaintiffs' complaint does contain a single reference to Defendants denying them "an opportunity to be heard *prior* to depriving [them] of their property." [1] ¶ 72(b) (emphasis added). But since Plaintiffs do not support this conclusory statement with any well-pleaded factual allegations, the court limits its analysis to the postdeprivation proceedings.

biased decisions, interfering with the Board's exclusive statutory authority to discipline officers." 952 F.3d at 875. "When a state official deprives a person of his property through a random, unauthorized act that departs from state law, the federal due-process guarantee requires only that the state provide an adequate postdeprivation remedy." *Id.* And "the Illinois Administrative Review Act provides a constitutionally adequate postdeprivation remedy" for these issues. *Id.* (citing *Cannici v. Village of Melrose Park*, 885 F.3d 476, 480 (7th Cir. 2018)). Here, all Plaintiffs have now appealed their Merit Board decisions in state court under the Administrative Review Law. *See* [47] at 2; [48] at 2. Plaintiffs have not pointed to anything about this process that could distinguish their case from *Vargas*.

Plaintiffs also argue that their procedural due process rights were violated because of the length of proceedings, pointing to "state law limiting [Defendants'] disciplinary authority to a combined 210 days." [25] at 1–2; 9–10 ("Plaintiffs nevertheless plead a procedural due process count for the period of time exceeding Defendants' disciplinary authority until such time as is determined they have been provided the process due."). Again, violation of state law is not a due process violation. *Vargas*, 952 F.3d at 874–75. As with independence, Plaintiffs are not challenging "established state procedures," but instead allege defendants violated those procedures through "random and unauthorized acts." *Cannici*, 885 F.3d at 479 (7th Cir. 2018). So the same logic applies: Plaintiffs do not state a claim because they have not alleged available remedies are inadequate. Each Plaintiff has now received a decision from the Merit Board, and review under the Illinois Administrative Review Law is available to challenge any state procedural violations. Plaintiffs cannot state a procedural due process claim related to their property interests in their employment.

Finally, Count 2 appears to assert an "occupational-liberty" due process claim. *See Palka v. Shelton*, 623 F.3d 447, 454–55 (7th Cir. 2010) ("An occupational-liberty claim requires 'that the circumstances made it virtually impossible for [the plaintiff] to find a new position in his chosen profession.'") (quoting *Lashbrook v. Oerkfitz*, 65 F.3d 1339, 1349 (7th Cir. 1995)). Plaintiffs allege that Defendants made "stigmatizing statements" about them in conjunction with the Merit Board proceedings and "published the same on the internet." [1] ¶¶ 82–84. They also allege that Dart's agents "continue to publicly defame Plaintiffs as malingerers, criminals and malcontents in major local and national press." [1] ¶ 86. As a result, they have been denied employment opportunities. [1] ¶ 85. While here, Plaintiffs allege a deprivation of a liberty rather than property interest, this is still a procedural due process claim. *See Zorzi v. Cty. of Putnam*, 30 F.3d 885, 895 (7th Cir. 1994) ("[A]ny cause of action for the deprivation of occupational liberty would be confined to a claim under procedural due process; there is no such cause of action under substantive due process.") (citing *Illinois Psychological Ass'n. v. Falk*, 818 F.2d 1337, 1343–44 (7th Cir. 1987)).

6

Plaintiffs fail to state an occupational-liberty claim for the same reason that they fail to state a claim predicated on their state-created property interest: they have not alleged inadequate process. *See Fei Wang v. Bd. of Trustees of Univ. of Illinois*, No. 18-cv-07522, 2020 WL 1503651, at *8 (N.D. Ill. Mar. 30, 2020) ("[I]t is not enough that Wang has pleaded the deprivation of a liberty interest. He must also sufficiently allege that the deprivation occurred without due process. . . . Wang has not stated an occupational-liberty procedural due process claim for the same reasons that his property-interest procedural due process claim fails.").[5]

To state an occupational liberty due process claim, Plaintiffs would need to allege they were denied a constitutionally adequate "name-clearing hearing." *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001). Based on the complaint, Plaintiffs rely on the same insufficient process allegations supporting their other due process claim; they allege that "sham proceedings" denied them a "meaningful opportunity to clear their names." [1] ¶ 84. As discussed above, due process claims based solely on violations of Illinois law fail, and Illinois law provides a remedy for claims about the Merit Board's independence. *Vargas*, 952 F.3d at 874–75. Since Plaintiffs' allegations do not plausibly suggest anything constitutionally inadequate about Illinois's procedures, Plaintiffs cannot state an occupational-liberty due process claim.

The Seventh Circuit has repeatedly affirmed that the Merit Board disciplinary process generally "satisfies Cook County's procedural due process obligation." *Campos*, 932 F.3d at 976 (citing *Palka*, 623 F.3d at 453). Since nothing distinguishes this case from *Campos* and *Vargas*, the court applies that binding Seventh Circuit precedent and dismisses Plaintiffs' due process claims.[6] And since there is no plausible way to cure the defects in any of Plaintiffs' claims, they are dismissed with prejudice. *See Campos*, 932 F.3d at 977.

The court declines to address the parties' additional arguments, including with respect to the *de facto* officer doctrine. *See id.* at 977 n.3 (noting that Illinois law applying the *de facto* officer doctrine does not affect the due process analysis).[7]

---

[5] Moreover, Plaintiffs do not make any distinct arguments in support of this claim in their response brief. Any process arguments related solely to the occupational-liberty claim are waived. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived . . .").

[6] Because it is based on the same factual allegations and legal theories, the court does not construe Count 3, "Declaratory Judgment and Preliminary and Permanent Injunctions," as a separate claim.

[7] Defendants also argue that all plaintiffs have filed "nearly identical" state court suits under the Administrative Review Law. This potentially implicates claim preclusion, since Plaintiffs are "precluded from bringing a second lawsuit against the same parties based on the same common nucleus of operative facts." *Vargas*, 2020 WL 1164268, at *3 n.1 (citing *Matrix IV, Inc. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)).

## Conclusion

For the reasons given above, the court grants the motion to dismiss [16] and the motion to join [18]. The Merit Board Defendants' motion to dismiss [18] is denied as moot. Plaintiffs' complaint is dismissed with prejudice. Civil case terminated.

Date: September 2, 2020 /s/ Martha M. Pacold

---

However, Defendants have not provided the court with copies of those filings, and Plaintiffs argue the state suits were voluntarily dismissed. Since Plaintiffs cannot state viable federal claims, the court does not reach this argument. This dismissal is without prejudice to any state court action Plaintiffs may pursue.